UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY ORMSTON<br>*c/o* Kevin M. McDermott II<br>McDermott Law LLC<br>11925 Pearl Road, Suite 310<br>Strongsville, Ohio 44136<br><br>            Plaintiff,<br><br>    *v.*<br><br>LA SIESTA, L.L.C.<br>*d/b/a* LA SIESTA MOTEL<br>*c/o* Statutory Agent Samir Abdul Karim<br>8300 Pearl Road<br>Strongsville, OH 44136<br><br>    *and*<br><br>RIVER PARK HOSPITALITY, INC.<br>*d/b/a* SUPER 8 BY WYNDHAM STRONGSVILLE<br>*c/o* Statutory Agent Salim Karim<br>18574 Nantucket Road<br>Strongsville, OH 44136<br><br>    *and*<br><br>SAMIR ABDUL KARIM<br>8300 Pearl Road<br>Strongsville, OH 44136<br><br>    *and*<br><br>SALIM KARIM<br>18574 Nantucket Road<br>Strongsville, OH 44136<br><br>            Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Kimberly Ormston, by and through counsel, and for her Complaint against Defendants La Siesta, L.L.C., River Park Hospitality, Inc., Samir Abdul Karim, and Salim Karim (hereinafter referred to collectively as "Defendants"), states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio minimum wage and overtime compensation statutes and constitutional provisions, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Ohio Constitution Art. II, Sec. 34a.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside in this district and division and all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. At all times relevant, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant La Siesta, L.L.C. is an Ohio limited liability company with its principal place of business in Strongsville, Ohio. According to records maintained by the Ohio Secretary

of State, La Siesta, L.L.C.'s statutory agent for service of process is Samir Abdul Karim, 8300 Pearl Road, Strongsville, OH 44136.[1]

7. Defendant River Park Hospitality, Inc. is an Ohio corporation with its principal place of business in Strongsville, Ohio. According to records maintained by the Ohio Secretary of State, River Park Hospitality, Inc.'s statutory agent for service of process is Salim Karim, 18574 Nantucket Road, Strongsville, OH 44136.[2]

8. Upon information and belief, Defendant Samir Abdul Karim resides in Cuyahoga County, Ohio. Samir Abdul Karim is an owner and operator of Defendants La Siesta, L.L.C. and River Park Hospitality, Inc. Defendant Samir Abdul Karim is sued in his individual capacity.

9. Upon information and belief, Defendant Salim Karim resides in Cuyahoga County, Ohio. Salim Karim is an owner and operator of Defendants La Siesta, L.L.C. and River Park Hospitality, Inc. Defendant Salim Emile Karim is sued in his individual capacity.

## FACTUAL ALLEGATIONS

### Defendants' Business

10. Defendants are owners and operators of two motels located in Strongsville, Ohio: La Siesta Motel, located and operating at 8300 Pearl Rd., Strongsville, OH 44136, and Super 8 by Wyndham Strongsville, located and operating at 15385 Royalton Rd., Strongsville, OH, 44136.

### Defendants' Status as Employers

11. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), O.R.C. §§ 4111.01, *et seq*., and Ohio Constitution Art. II, Sec. 34a, and employed non-exempt employees, including Plaintiff.

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/1104144 (accessed Jan. 29, 2020).
[2] https://businesssearch.ohiosos.gov/?=businessDetails/1948969 (accessed Jan. 29, 2020).

12. At all times relevant, Defendants Samir Abdul Karim and Salim Karim were each employers pursuant to 29 U.S.C. § 203(d) in that each Defendant was a "person [who] act[ed] directly or indirectly in the interest of an employer," La Siesta, L.L.C. and River Park Hospitality, Inc., "in relation to employees," including Plaintiff. Defendants Samir Abdul Karim and Salim Karim each had operational control over significant aspects of La Siesta, L.L.C.'s and River Park Hospitality, Inc.'s day-to-day functions, including compensation of employees including Plaintiff. Defendants Samir Abdul Karim and Salim Karim were also employers pursuant to O.R.C. §§ 4111.01, *et seq.*, and Ohio Constitution Art. II, Sec. 34a.

13. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

14. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

15. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

16. Defendants were each employers of Plaintiff as each Defendant exercised the power to hire or fire employees; supervised and controlled employees' work schedules or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

17. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform

4

related activities through unified operation and common control for a common business purpose; namely, the operation of motels in the State of Ohio.

18. Defendants own and operate motels in northern Ohio.

19. Defendants are engaged in related activities, i.e. all activities which are necessary to the operation and maintenance of Defendants' motel locations.

20. Defendants share employees between motel locations. Specifically, Plaintiff worked at both locations during the relevant period, January 2017 to the present.

21. Defendants share common management between motel locations.

22. Defendants share common human resources and payroll services between motel locations.

23. Defendants provide the same or similar array of products and services at their motel locations.

24. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

25. Defendants provide the same services and products to customers by using a set formula when conducting business.

26. Part of that set formula is the deprivation of overtime and minimum wage to their employees as outlined in this Complaint.

### Plaintiff's Employment with Defendants

27. Plaintiff Kimberly Ormston worked for Defendants as a non-exempt employee from approximately November 2008 until November 2019.

28. Part of Plaintiff's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce. Part of Plaintiff's job duties included handling and operating cleaning and other equipment and accessories that were manufactured and distributed in interstate commerce that were necessary for Defendants' commercial purpose. Part of Plaintiff's job duties included regularly and personally processing credit card transactions involving out-of-state banks and financial institutions for Defendants' customers. Part of Plaintiff's job duties included regularly and personally using the instrumentalities of interstate commerce in her work, including regular and recurrent use of interstate telephone communications with Defendants' out of state customers.

29. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq*., and Ohio Constitution Art. II, Sec. 34a.

30. At all times relevant, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendants' Wage Violations

31. The FLSA required Defendants to pay Plaintiff at least the minimum wage, and to pay her overtime compensation at one and one-half times her "regular rate" for all hours worked in excess of forty hours in a workweek.  29 U.S.C. §§ 206, 207.

32. Plaintiff was employed by Defendants as a front desk attendant. Plaintiff also cleaned motel rooms, cleaned motel common areas, and worked in the laundry rooms for Defendants. Plaintiff regularly worked sixty (60) to eighty (80) hours or more per workweek for Defendants. For example, during the workweek September 13, 2018 to September 19, 2018, Plaintiff worked 81.5 hours.

33. Plaintiff was paid approximately $60.00 per week during her employment for her work. In addition, Defendants verbally told Plaintiff she was being charged $210 per week for rent until approximately Fall 2017 and $350.00 per week for rent from Fall 2017 to the end of her employment.

### *Defendants' Failure to Pay Minimum Wage*

34. The FLSA required Defendants to pay Plaintiff at least the minimum wage. 29 U.S.C. § 206.

35. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and was $8.15 per hour in 2017, $8.30 per hour in 2018, and $8.55 per hour in 2019.

36. Department of Labor regulations provide that "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. The FLSA's minimum wage requirements are not met "where the employee 'kicks-back' directly or indirectly" all or part of the employer's wage payment. *Id.*

37. 29 C.F.R. § 531.30 further provides that "[t]he reasonable cost of board, lodging, or other facilities may be considered as part of the wage paid an employee only where customarily 'furnished' to the employee. Not only must the employee receive the benefits of the facility for which he is charged, but it is essential that his acceptance of the facility be voluntary and uncoerced."

38. Defendants were not permitted to take a Section 3(m) credit for lodging. For example, Defendants must have maintain accurate records of the costs incurred in furnishing

lodging to Plaintiff, and only charged her the actual, reasonable cost. *See* 29 CFR § 531.3; 29 C.F.R. § 516.27(a); *see also* 29 C.F.R. § 552.100(d); FOH § 30c05(a). These records "shall include itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost." 29 C.F.R. § 516.27(a)(1). Instead, Defendants charged Plaintiff an unreasonable rate, have not maintained the accurate records required, and therefore have not met this prerequisite for including lodging costs in Plaintiff's wages.

39. Defendants failed to pay at least the minimum wage to Plaintiff each workweek. In at least one workweek, the amounts paid to Plaintiff "finally and unconditionally or 'free and clear'" did not equal or exceed the minimum wage.

40. Defendants failed to pay Plaintiff at least the lawful minimum wage rate for all hours worked each workweek.

### *Defendants' Failure to Pay Overtime Compensation*

41. The FLSA and Ohio law required Defendants to pay overtime compensation to their non-exempt employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty (40). 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

42. Plaintiff frequently worked more than forty (40) hours in a single workweek. For example, during the workweek September 13, 2018 to September 19, 2018, Plaintiff worked 81.5 hours but Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for the hours she worked in excess of forty (40) hours.

43. Plaintiff should have been paid overtime wages in the amount of 150% of her "regular rate" for all hours worked in excess of forty (40) hours per workweek.

44. Defendants did not pay overtime compensation to Plaintiff at the time-and-a-half rate for all of the hours she worked in excess of forty hours per week in violation of the FLSA and Ohio law, 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

### Defendants' Record-Keeping Violations

45. The FLSA and Ohio law required Defendants to maintain accurate and complete records of employees' time. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); Ohio Const. Art. II, § 34a. For example, Ohio law provides that employers "shall maintain a record of the name, address, occupation, pay rate, hours worked for each day worked and each amount paid an employee for a period of not less than three years following the last date the employee was employed." Ohio Const. Art. II, § 34a.

46. Defendants violated federal and state record-keeping requirements by failing to maintain accurate and complete records of Plaintiff's time.

### The Willfulness of Defendants' Violations

47. Defendants knew that Plaintiff was entitled to overtime compensation pay and minimum wage under federal and state law or acted in reckless disregard for whether she was so entitled.

48. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

49. The above payroll practices resulted in minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111; and Ohio Const. Art. II, § 34a.

## COUNT ONE
### (FLSA Overtime Violations)

50. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiff brings this claim for violation of the FLSA's overtime provisions pursuant to 29 U.S.C. § 216(b).

52. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

53. Plaintiff should have been paid overtime wages in the amount of 150% of her "regular rate" for all hours worked in excess of forty (40) hours per workweek.

54. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times her regular rate for all of her overtime hours.

55. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

56. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that she did not receive wages due to her pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

57. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

59. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

60. Defendants' failure to compensate overtime hours at time and one half violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

61. These violations of O.R.C. § 4111.03 injured Plaintiff in that she did not receive wages due to her pursuant to that statute.

62. O.R.C. 4111.10(A) provides that Defendants, having violated O.R.C. 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (FLSA Minimum Wage Violations)

63. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

65. Defendants failed to comply with the requirements of 29 U.S.C. § 206 by paying Plaintiff less than the applicable Ohio minimum wage. Defendants have engaged in a series of

unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law. 29 U.S.C. § 206.

66. Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

67. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's rights, and entitle Plaintiff to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT FOUR
### (Ohio Minimum Wage Violations)

68. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

69. Ohio wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

70. Based on the improper practices described herein, Defendants failed to comply with the requirements of Ohio law by paying Plaintiff less than the applicable minimum wage rate.

71. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by Ohio law.

72.     Defendants' unlawful conduct directly and proximately caused Plaintiff to suffer damages for which she is entitled to judgment.

73.     Plaintiff is entitled to triple damages for Defendants' minimum wage violations pursuant to Art. II, Sec. 34a, Ohio Constitution & O.R.C. Chapter 4111.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.   Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff;

B.   Award compensatory damages to Plaintiff in the amount of her unpaid overtime wages, as well as liquidated damages in an equal amount;

C.   Award compensatory damages to Plaintiff in the amount of her unpaid minimum wages, in addition to liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff under Ohio Constitution Art. II, § 34a; and

D.   Award Plaintiff compensatory and punitive damages, her costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
P: (216) 367-9181 | F: (440) 846-1625
kevin@mcdermottattorney.com

*Attorney for Plaintiff*

13

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s Kevin M. McDermott, II*
Kevin M. McDermott, II (0090455)